NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR PAZ-RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-72640

Agency No. A078-685-730

MEMORANDUM*

On Petition for Review of an Order of the
Immigration Judge

Submitted May 18, 2021**

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Salvador Paz-Rodriguez, a native and citizen of Mexico, petitions for review

of an Immigration Judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he

did not have a reasonable fear of persecution or torture in Mexico and thus is not

entitled to relief from his reinstated removal order.  Our jurisdiction is governed by

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We dismiss in part and deny in part the petition for review.

Substantial evidence supports the IJ's determination that Paz-Rodriguez failed to establish a reasonable possibility of persecution in Mexico on account of a protected ground, including membership in a cognizable particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico did not constitute a particular social group). We lack jurisdiction to consider the political opinion and family-based social group claims Paz-Rodriguez raises in the first instance in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence also supports the IJ's determination that Paz-Rodriguez failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico. *See Andrade-Garcia*, 828 F.3d at 836-37 (no reasonable possibility of torture with government acquiescence).

20-72640

We reject as unsupported by the record Paz-Rodriguez's contentions that the IJ violated his right to due process or otherwise erred in the handling of his case.

The temporary stay of removal remains in place until issuance of the mandate. The motions for a stay of removal are otherwise denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**